[No. E048472. Fourth Dist., Div. Two. June 23, 2010.]

MICHAEL ESPINOSA et al., Plaintiffs and Appellants, v.
KENNETH L. KIRKWOOD, JR., Defendant and Respondent.

COUNSEL

Harrison Patterson O'Connor & Kinkead, Harry W. Harrison and Matthew J. O'Connor for Plaintiffs and Appellants.

Gilbert, Kelly, Crowley & Jennett and Peter J. Godfrey for Defendant and Respondent.

## OPINION

**RAMIREZ, P. J.**—Plaintiffs, Michael Espinosa and Angel Vertiz, participated in a burglary along with defendant Kenneth L. Kirkwood, Jr., and fled in a car driven by Kirkwood. While trying to evade the police, Kirkwood collided with two other vehicles during a car chase, causing injuries to both passengers. Plaintiffs sued Kirkwood for damages for their personal injuries, but the trial court granted defendant's motion for summary judgment, dismissing the action as barred by Civil Code section 3333.3, which prohibits recovery of damages if the plaintiff's injuries were in any way proximately caused by the plaintiff's commission of any felony or immediate flight therefrom.

Plaintiffs appealed the dismissal on the ground that there is a triable issue of fact as to whether or not plaintiffs' injuries were caused by the flight from felonious conduct. Because plaintiffs were passengers, they were "using" the motor vehicle during the flight from their commission of a felony. We affirm.

## BACKGROUND

On June 17, 2007, plaintiffs and defendant attempted a residential burglary. They left the scene of the crime in a car driven by defendant Kirkwood. They were spotted by police and a car chase ensued, which ended when their car collided with two other vehicles less than a mile from the burglary scene,

rear-ending a vehicle stopped in an intersection. After the collision, Kirkwood attempted to leave the scene on foot without stopping to identify himself. Defendant Kirkwood and plaintiff Vertiz were subsequently convicted of burglary, while plaintiff Espinosa was convicted of attempted burglary. (Pen. Code, §§ 459, 664.)

On May 16, 2008, plaintiffs sued defendant for damages for personal injury. On March 17, 2009, the trial court granted defendant's motion for summary judgment. Plaintiffs appealed.

## DISCUSSION

Plaintiffs contend that defendant's motion for summary judgment was erroneously granted. They acknowledge that they were passengers in the vehicle with defendant and that the three individuals were fleeing from the scene of a felony at the time of the incident. However, they contend there was a triable issue of fact as to whether or not their participation in a felony or immediate flight therefrom was a proximate cause of the serious injuries they sustained in the motor vehicle accident. We disagree.

Any party may move for summary judgment in any action or proceeding if it is contended that the action has no merit or that there is no defense to the action or proceeding. (Code Civ. Proc., § 437c, subd. (a).) The motion shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A defendant meets his or her burden on a motion for summary judgment if that party has proven there is a complete defense to the cause of action. (Code Civ. Proc., § 437c, subd. (o)(2); *Jenkins v. County of Los Angeles* (1999) 74 Cal.App.4th 524, 529 [88 Cal.Rptr.2d 149].) Because plaintiffs' appeal is from a trial court order granting summary judgment for defendant, we independently examine the record to determine whether there exist triable issues of fact warranting reinstatement of the action. (*Morris v. De La Torre* (2005) 36 Cal.4th 260, 264 [30 Cal.Rptr.3d 173, 113 P.3d 1182], citing *Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142 [12 Cal.Rptr.3d 615, 88 P.3d 517].)

In this case, the motion for summary judgment was grounded upon the affirmative defense that the injuries to plaintiffs were proximately caused by plaintiffs' immediate flight after the commission of a felony and that plaintiffs were duly convicted of the felony. (Civ. Code, § 3333.3.) Our task, therefore, is to determine if that statute provides a complete defense to the cause of action.

There is no dispute as to the facts that plaintiffs and defendant were coparticipants in the commission of a felony and there is no dispute that defendant was driving, with plaintiffs as passengers in a motor vehicle. And there is no dispute that the collision occurred while plaintiffs and defendant were fleeing from police immediately after commission of the felony. Plaintiffs' complaint alleges the injuries were attributable to the negligence of defendant. However, plaintiffs assert there is a triable issue of fact as to whether or not their participation in a felony or immediate flight therefrom was a proximate cause of the injuries they sustained in the accident.

To determine whether plaintiffs, who were principals in the driver's criminal conduct, are barred from recovering against the felon-driver, we look to the language and intent of the ballot initiative, Proposition 213, currently embodied in Civil Code section 3333.3. Regarding the intent of the initiative, the official title and summary for the ballot initiative indicates the drafters' intent to deny "all recovery of damages to a convicted felon whose injuries were proximately caused *during* the commission of the felony or immediate flight therefrom." (Ballot Pamp., Gen. Elec. (Nov. 5, 1996) official title and summary of Prop. 213, p. 48, italics added (Ballot Pamp.).)

The Legislative Analyst indicated the measure "prohibits a person convicted of a felony from suing to recover any losses suffered while committing the crime or fleeing from the crime scene *if* those losses resulted from another person's negligence." (Ballot Pamp., *supra*, analysis by Legis. Analyst, p. 49.) However, convicted felons would still be able to sue to recover losses for some injuries suffered while committing or fleeing a crime—for instance those resulting from the use of " 'excessive force' " during an arrest. (*Ibid.*; see also *Jenkins v. County of Los Angeles, supra,* 74 Cal.App.4th at pp. 532, 534.)

The argument in favor of Proposition 213 emphasized that "CONVICTED FELONS SHOULD NOT BE ALLOWED TO PROFIT FROM THEIR CRIMES." (Ballot Pamp., *supra*, argument in favor of Prop. 213, p. 50.) It argued that the measure was intended to bar tort recovery of damages by felons in actions based on negligence. (*Ibid.*) There appears to be nothing in the voter information materials indicating the drafters' intent was to limit the effect of the initiative to cases in which there is proof that the injuries were proximately caused by the commission of the felony or flight following the crime.

Next we examine the language of Civil Code section 3333.3 (*Yoshioka v. Superior Court* (1997) 58 Cal.App.4th 972, 980 [68 Cal.Rptr.2d 553]), which provides that, "[i]n any action for damages based on negligence, a person may not recover any damages if the plaintiff's injuries were in any way

proximately caused by the plaintiff's commission of any felony, or immediate flight therefrom, and the plaintiff has been duly convicted of that felony." (Civ. Code, § 3333.3.)

█ The initiative prohibits recovery of damages "[i]n any action for damages based on negligence" to "a person" if the "plaintiff's injuries were in any way proximately caused by the plaintiff's commission of any felony, or immediate flight therefrom, and the plaintiff has been duly convicted of that felony." The language "[i]n any action for damages based on negligence . . ." in Civil Code section 3333.3 is unambiguous. (*Jenkins v. County of Los Angeles, supra,* 74 Cal.App.4th at p. 530 [holding that it could not be extended to bar recovery for intentional torts].) The instant action is one based on negligence, so that element is satisfied.

The language if "plaintiff's injuries were in any way proximately caused by the plaintiff's commission of any felony, or immediate flight therefrom" requires additional attention. The argument in favor of Proposition 213 (*"Proposition 213 takes the 'profit' out of crime by* closing a legal loophole that allows convicted felons to sue law-abiding citizens, businesses and governments to pay for 'accidental injuries' incurred while running from their crime." (Ballot Pamp., *supra,* argument in favor of Prop. 213, p. 50, original italics)) indicates the voters' intent was to bar recovery for any injury sustained by a felon *during* his or her flight from a crime scene (Ballot Pamp., *supra,* official title and summary, p. 48). It does not appear the voters' intent was to require proof that the felony or flight therefrom caused the injuries, since the language of Civil Code section 3333.3 is much broader than that of Civil Code section 3333.4.

We note that there is a slight difference in the wording of Civil Code section 3333.4, which was also enacted by way of Proposition 213, to preclude claims for noneconomic losses by uninsured motorists or drunk drivers. Unlike the statute before us, Civil Code section 3333.4, subdivision (a) applies "in any action to recover damages arising out of the *operation or use* of a motor vehicle." (Italics added.) By contrast, Civil Code section 3333.3 applies to *any action for damages based on negligence.*

█ In this light, the statutory language limiting the bar to actions where a plaintiff's injuries "were *in any way* proximately caused by the plaintiff's commission of any felony, or immediate flight therefrom" (Civ. Code, § 3333.3, italics added) must be liberally construed to preserve the right of referendum. (*People v. Kelly* (2010) 47 Cal.4th 1008, 1026 [103 Cal.Rptr.3d 733, 222 P.3d 186]; see also *DeVita v. County of Napa* (1995) 9 Cal.4th 763, 776 [38 Cal.Rptr.2d 699, 889 P.2d 1019].) The purpose of the initiative would be defeated if a defendant were required to prove that the actual commission of the felony or flight caused the injuries. To the contrary, the intent of the

drafters was to require plaintiffs who are felons to assume the risk of any injuries sustained during the commission of a crime or during the flight to avoid apprehension for the crime.

■  Moreover, the concept of proximate cause is ordinarily concerned not with the fact of causation, but with the various considerations of policy that limit an actor's responsibility for the consequences of his conduct. (*PPG Industries, Inc. v. Transamerica Ins. Co.* (1999) 20 Cal.4th 310, 316 [84 Cal.Rptr.2d 455, 975 P.2d 652].) Causation in the law of negligence is not determined by a linear projection from a "but for" premise. Instead, it is expressed in terms of "foreseeability" and is limited by the policy that cause must be "proximate." (*Brewer v. Teano* (1995) 40 Cal.App.4th 1024, 1030 [47 Cal.Rptr.2d 348].)

■  The question here is whether plaintiffs' injuries were "in any way" proximately caused by their commission of a felony or immediate flight therefrom such that Civil Code section 3333.3 is a bar to recovery. We conclude plaintiffs' injuries were, in some way, proximately caused by their felonious conduct, and, more specifically, by their flight therefrom. First, in fleeing from the scene of the crime, plaintiffs were acting jointly with defendant to avoid arrest after jointly engaging in a criminal act. There was no break in the chain of events between the criminal conduct the three engaged in jointly and the attempt to flee in defendant's vehicle.

■  Second, the act of fleeing from police in a car chase renders an accident highly foreseeable. Persons attempting to evade police and avoid arrest may travel at unreasonably high rates of speed without regard for the safety of others and are thus more likely to be involved in an accident. The fact plaintiffs were passengers in the vehicle and not drivers does not shield them from application of Civil Code section 3333.3 because their engagement in the criminal act with defendant and their (apparently) volitional decision to attempt to escape arrest in his vehicle made their criminal conduct or immediate flight therefrom the proximate cause of their own injuries. If they had refused to escape with defendant in defendant's car, they would not have been involved in the collision which resulted in their injuries. Their own conduct of committing the crime and entering defendant's vehicle to facilitate their immediate flight therefrom proximately caused their injuries and damages.

■  Because their injuries were "in any way proximately caused by [their] commission of a[] felony, or immediate flight therefrom," plaintiffs were barred from recovering damages based on defendant's negligence. The fact defendant was an aider and abettor of their criminal conduct and the fact plaintiffs were passengers in the car, not the driver of the car involved in the

collision, does not affect our decision where Civil Code section 3333.3 bars recovery in *any action* for damages based on negligence.

## DISPOSITION

The judgment is affirmed. Respondent is entitled to costs on appeal.

Richli, J., and Miller, J., concurred.